S. W. McGRADY v. W. N. McRAE, GUARDIAN, ETC.

(No. 1292, Op. Book No. 2, p. 270.)

APPEAL from Fannin County. Opinion by WALKER, R. S., P. J.

§ 1036. *Tenants in common; rents; rule and remedy as to.* It seems to be well settled that one tenant in common cannot maintain an action at law against his co-tenant for his part of the issues and profits of the common property, where there is no special agreement between them to account for the same. Each tenant is entitled to the occupation of the premises; neither can exclude the other, and if the sole occupation by one co-tenant could render him liable to the other, it would be in the power of the latter, by voluntarily remaining out of possession, to keep out his companion also, except upon the condition of the payment of rent. The enjoyment of the absolute legal right of one co-tenant would thus often be dependent upon the indolence or caprice of the other.

583

[Pico v. Columbet, 12 Cal. 419; 5 Bac. Ab. 361; Freeman on Co-tenancy & Part. 269.] If one co-tenant occupies and enjoys the premises, to the exclusion of another, the remedy of the latter is not by a suit for his share of the rents, but by a suit for partition; and as incident to that an account could be had, to settle, according to the principles of equity, the fair share of each in the proceeds and profits of the premises. If a suit for one co-tenant's proportionate share of rent was permitted each year, as the rent accrued, it might result in the recovery of more than the fair share of the profits, leaving the tenants in possession to bear all the expenses of the care, preservation and amelioration of the property, when the plaintiff may already, in the past, have been the recipient of the much larger portion of its benefits. Accordingly, this suit being by one co-tenant of land against others in possession, to recover his proportionate share of the rents of the land, it was held that he had no cause of action.

February 19, 1881.                               Affirmed.